IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES CURRY, JR.                                                                    PETITIONER

vs.                                               CIVIL ACTION NO.: 1:13cv20-SA-JMV

MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.                    RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, James Curry, Jr., an inmate currently confined at the East Mississippi Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge his State court conviction and sentence for the crime of possession of more than two grams of cocaine.[1]  Respondents filed a motion to dismiss the petition, alleging that Petitioner failed to exhaust his available State court remedies prior to filing the instant action.  Petitioner responded to the motion to dismiss, and Respondents filed a reply thereto.  Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the petition for the following reasons.

**Background**

On October 31, 2012, Petitioner pleaded guilty to the possession of more than two grams of cocaine in the Circuit Court of Monroe County, Mississippi.  (*See* Resp'ts  Mot. to Dismiss,

---

[1] The Court notes that the initial petition filed in this action challenged Petitioner's sentences from both the Lee and Monroe County Circuit Courts.  (*See* ECF no. 1).  The Court subsequently ordered Petitioner to identify the judgment of only one State circuit court in this action.  Petitioner subsequently advised the Court that he wished to challenge his Monroe County Circuit Court conviction and sentence in the instant action, and he filed a separate action challenging his Lee County Circuit Court conviction and sentence.  *See Curry v. Pounds*, Cause No. 1:13cv149-A-S.

1

Ex. A). Pursuant to the plea, Petitioner was sentenced to serve a term of sixteen years in the custody of the Mississippi Department of Corrections, with eight years suspended and five years of post-release supervision imposed. (*Id.*). The sentence was ordered to run concurrently with Petitioner's sentence in the Circuit Court of Lee County.[2] (*Id.*).

Petitioner filed the instant § 2254 petition on or about February 4, 2013, asserting the following two ineffective assistance of counsel claims: (1) counsel "railroaded" Petitioner; and (2) counsel failed to have Petitioner brought to trial in a timely fashion. (*See* ECF no. 1). Petitioner filed the instant petition without first seeking review of his claims in State court.

## Exhaustion

A prisoner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

There is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-

---

[2] Petitioner was sentenced on October 31, 2012, to serve a term of eight years in the Mississippi Department of Corrections in Lee County Circuit Court Cause No. CR08-348. *See, Curry v. Pounds*, Cause No. 1:13cv149-A-S (ECF no. 9, p. 4).

2

101. However, Mississippi's Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq*., provides Petitioner an available avenue through which to challenge his plea and sentence. Respondents maintain that they have contacted the Monroe County Circuit Court Clerk's Office, and that Petitioner has not filed any post-conviction motions in that court. (*See* Resp'ts Mot. to Dismiss, 3).[3]

The Court finds that Petitioner has failed to exhaust his available State remedies, as he has the option to seek post-conviction relief in the circuit court and appeal any adverse decision to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-39-5(1) (providing avenue for inmate to bring a challenge "[t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi"); *see also* § 99-39-5(2) ("A motion for relief under this chapter shall be made . . . [I]n case of a guilty plea, within three (3) years after the entry of the judgment of conviction."). Accordingly, Petitioner still has time within the State's three-year statute of limitations to return to State court.

In some "limited circumstances," courts may hold a habeas petition in abeyance while the petitioner exhausts his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is not appropriate, however, unless "good cause" is shown for the failure to exhaust, the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Petitioner does not request a stay

---

[3] Attached as exhibits to Respondents' motion are two letters written to the Monroe County Clerk's Office by Petitioner. (*See* Resp'ts Mot. to Dismiss, Exs. C and D). The first letter, written in February 2013, requests copies of Petitioner's detainer paperwork, while the second letter, written in October 2013, requests that Petitioner's pre-trial jail time be submitted to the records department of the Mississippi Department of Corrections. (*Id.*). Neither of these letters is considered a motion for post-conviction relief.

and abeyance from this Court, but he does argue in his traverse that he was unaware of the procedures necessary to properly present his case to the State courts for review.[4] The Court finds that Petitioner's ignorance of the law is insufficient to establish good cause for his failure to first exhaust his State court remedies. *See Johnson v. Mississippi*, No. 2:12cv95-KS-MTP, 2013 WL 752499 at *4 (S.D. Miss. Jan. 31, 2013) (citation omitted). Accordingly, a stay and abeyance is not warranted in this case.

For the foregoing reasons, Respondents' motion to dismiss the instant petition [ECF no. 32] is **GRANTED**, and the instant petition is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will issue today.

**SO ORDERED** this the 13th November, 2013.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**

---

[4] Petitioner also appears to make challenges to the conditions of his confinement in his traverse. Such claims are not cognizable on federal habeas review, and Petitioner is advised that he must file a civil rights action pursuant to 42 U.S.C. § 1983 if he wishes to pursue claims relating to the conditions of his confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).